IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SANDRA MCINTYRE, as personal
representative of the estate of John
Francis Hayes,

      Plaintiff,

v.                                       CASE NO. 4:07cv282-RH/WCS

TALLAHASSEE POLICE DEPARTMENT,
et al.,

      Defendants.

_____/

**ORDER GRANTING LEAVE TO AMEND COMPLAINT, DISMISSING
CLAIMS NOT AUTHORIZED BY WRONGFUL DEATH STATUTE,
DISMISSING CLAIMS AGAINST JOHN DOE DEFENDANTS, AND
DISMISSING BATON CLAIM AGAINST DEFENDANT COPELIN**

      Tallahassee Police Department officers shot and killed John Francis Hayes during the course of a traffic stop gone bad.  This is a wrongful death action under 42 U.S.C. § 1983.  Now pending are several defense motions that seek to narrow, but not end, the litigation.  All but one of the motions are consented.  This order grants the consented motions and sets the other motion for hearing.

      The original plaintiffs included not just the personal representative of Mr.

Hayes's estate but also his parents—and survivors—individually. Under the Florida wrongful death statute, which controls this issue, the only proper plaintiff is the personal representative, as plaintiffs now concede. And as plaintiffs also concede, the only recoverable elements of damage are those specified in the wrongful death statute. The consented motions to dismiss and strike asserting these positions will be granted, and plaintiffs' consented motion for leave to file an amended complaint properly naming the personal representative as the sole plaintiff also will be granted.

Further, the complaint names "John Doe" defendants, but plaintiff has not identified any officers (other than those explicitly named in the amended complaint) who participated in the shooting, and plaintiff acknowledges that the John Doe claims now should be dismissed. Plaintiff also acknowledges that any claim based on defendant (and officer) Daniel Copelin's alleged striking of Mr. Hayes with a baton should be dismissed. (This does not mean, of course, that evidence of whether Mr. Copelin did or did not use a baton will be inadmissible as relevant to the remaining claims; neither the motion nor this order addresses the issue of the admissibility of this evidence.)

That leaves for consideration only defendant (and officer) Scott Cherry's motion for summary judgment. Mr. Cherry twice shot Mr. Hayes with a taser. Mr.

Cherry's summary judgment motion asserts this was not excessive and that, in any event, this did not violate clearly established law, thus affording Mr. Cherry qualified immunity. This motion will be heard at the time of the pretrial conference. The parties should be prepared to address not just the issues set forth in the motion and response, but also the issue of whether, under the personal representative's amended complaint and the governing law, a nonlethal use of force would be actionable, even if unconstitutional as a matter of clearly established law.

For these reasons,

IT IS ORDERED:

1. Defendants' consented motion (document 51) for judgment on the pleadings against plaintiffs other than Sandra McIntyre as the personal representative of the estate of John Francis Hayes is GRANTED. All claims of other plaintiffs are dismissed with prejudice (but without prejudice to claims of the personal representative).

2. Plaintiffs' motion (document 55) for leave to file an amended complaint is GRANTED. The amended complaint (document 56) is deemed filed this date.

3. Defendant Daniel Copelin's motion (document 27) and amended motion (document 45) for summary judgment on any claim that Mr. Copelin's alleged striking of John Francis Hayes with a baton was an excessive use of force are

GRANTED. Any such claim is dismissed with prejudice.

    4.  Defendants' motion (document 71) to dismiss claims against "John Doe" defendants is GRANTED.  All such claims are dismissed without prejudice.

    5.  Defendants' consented motion (document 72) to strike claims for damages not authorized by the Florida wrongful death statute is GRANTED.

    6.  I do not direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

    7.  Defendant Scott Cherry's motion for summary judgment will be heard at the pretrial conference.

    8.  The case style is amended to reflect the single plaintiff (as set forth in the case style of this order).  The Tallahassee Police Department continues as the first listed defendant in the case style (notwithstanding the dismissal of claims against this defendant).

    SO ORDERED this 16th day of February, 2008.

                                                s/Robert L. Hinkle
                                                Chief United States District Judge